IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Danny Martin, | ) | C/A No.: 3:09-757-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Champion Window Company of | ) | |
| Columbia, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the parties' cross motions for summary judgment. [dkt. # 23, dkt. # 24] The parties have fully briefed the motions and the court heard oral argument on December 28, 2009. On December 30, 2009, the court requested [dkt. # 32] and received time records from plaintiff Danny Martin's ("Martin") employment with Champion Window Co. of Columbia, LLC ("Champion"). This order serves to announce the ruling of the court.

I.  Factual Background

Champion hired Martin on September 3, 2003, as a service technician. In March 2004 Champion promoted Martin to service manager, and served in that capacity until he was laid off in November 2008. As service manager, Martin's duties consisted of repairing or correcting any work that arose after the initial installation of Champion's products. Champion provided Martin with the use of a phone, a truck, and three company credit cards for buying supplies. When customers called in work orders, Martin would take the work

order, arrange with the customer a time to perform the work, and make arrangements to complete the work himself or supervise the crew doing the repair. (Turner Dep. 7:21–10:1.)

Martin alleges that when he was hired as service manager John Turner ("Turner"), his supervisor, told him that his regular work hours were from 7:30 a.m. until 5:00 p.m., with a thirty-minute lunch break, each week day. (Martin Dep. 16:11–14.) However, the terms of employment that he signed several months after assuming the service manager position indicated that Martin was to work forty hours per week and at a salary of $710.00 per week. Martin alleges that despite the terms of employment that he signed, he still believed his hours to extend from 7:30 a.m. until 5:00 p.m. Based on these hours, Martin alleges he worked forty-five hours per week at a minimum, and that Champion never compensated him for more than forty hours. (Pl. Mot. Summ. J. 2.)

Both parties acknowledge that the nature of Martin's job resulted in fluid demands on his time (Martin Dep. 15:2–19:18.; Turner Dep. 30:18–25), however Martin submits that despite flexibility in scheduling tasks, he remained busy working from 7:30 a.m. until 5:00 p.m. Champion asserts that Martin was required to maintain time records documenting the jobs he performed and the time spent performing each job. Martin completed such sheets for a period of months, though determined to cease completing such documents as he considered the practice "ridiculous." (Martin Dep. 24:9–25.)

Martin filed suit against Champion on March 24, 2009, alleging violation of the overtime provisions of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201–219

2

(2006). On October 15, 2009, Champion moved for summary judgment on the ground that Martin has not put forth sufficient evidence to prove his claim. Also on October 15, 2009, Martin moved for summary judgment asserting that the terms of his employment required overtime without pay and that Champion suffered his overtime because it was required.

II.  Discussion

　　A.  Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of some alleged factual dispute between parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (emphasis omitted). A fact is material if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986). An issue is genuine if the evidence offered is such that a reasonable jury might return a verdict for the nonmovant. Id. at 257. In cases where the parties dispute material facts, "the non-moving party is entitled to have his evidence as forecast assumed, his version of that in dispute accepted, and the benefit of all favorable inferences." Henson v. Liggett Group, Inc., 61 F.3d 270, 275 (4th Cir. 1995). Moreover, the

court "may not make credibility determinations or weigh the evidence." Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004).

When considering cross motions for summary judgment, the court must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law. Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003). The court must endeavor to resolve factual disputes and competing inferences in favor of the party opposing each motion. Id.

B.   The FLSA

FLSA § 7(a)(1) provides that "no employer shall employ all of its employees covered by the [FLSA] for a work week longer than forty hours unless the employee receives compensation for his overtime work at a rate at least one and one-half his regular rate." Davis v. Food Lion, Inc., 792 F.2d 1274, 1276 (4th Cir. 1986). To prevail on an FLSA overtime claim, an employee must prove by a preponderance of the evidence that he worked overtime hours without compensation and that the employer knew of such work. Lyle v. Food Lion, Inc., 954 F.2d 984, 987 (4th Cir. 1992). To prove "that he has in fact performed work for which he was improperly compensated" the plaintiff must "produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946). To prove knowledge, the employee must demonstrate the employer's actual or constrictive willingness to suffer the work. Pforr v. Food Lion, Inc., 851 F.2d 106, 108 (4th Cir. 1988). Constructive

4

knowledge may be established though demonstrating a practice or pattern of suffering overtime.  Id.

If an employer is found to have violated the FLSA overtime provisions, the employer is liable in the amount of the proven unpaid overtime plus an additional amount as liquidated damages.  Id. (citing 29 U.S.C. § 216(b)).  However, "if the court finds the employer to have acted in good faith or that he had reasonable grounds to believe his act or omission did not violate the FLSA, the court may award no liquidated damages or award any amount thereof not to exceed the amount specified in § 216."  Id.

    C.    Martin's Motion for Summary Judgment

Martin asserts that he regularly worked in excess of forty hours per week, as a verbal condition of his employment, and that Champion owes him overtime pay as it has failed to rebut his assertions.  Martin's allegation turns on Turner's alleged represented that Martin's hours extended from 7:30 a.m. to 5:00 p.m.  That allegation, standing alone, would likely be sufficient to establish a prima facie case for overtime under the FLSA.  However, Martin's statements concerning when he would leave work undercut his ability to prove his hours worked and his employer's knowledge of the overtime alleged.

Martin's theory of proving overtime rests entirely on his assertion that Turner required he work from 7:30 a.m. until 5:00 p.m. each day.  Accordingly, his ability to make out a prima facie case for overtime rests squarely on his statements—the time sheets requested by the court lacked sufficient detail determine that Martin worked more than forty hours in any

week since 2004. Martin stated in his deposition that, in certain circumstances, if he completed a task after 4:15 p.m. he might go home. (Martin Dep. 17:19–18:3.) Martin also indicated in his deposition that he took lunch as the circumstances allowed, taking more than thirty minutes, less than thirty minutes, or exactly thirty minutes. (Martin Dep. 19:19–20:2.) Turner, Martin's supervisor, testified that over the years he instructed Martin "to stay at home and take his mama out to breakfast" several times if a job had been time intensive. (Turner Dep. 59:3–14.) This testimony undercuts Martin's understanding of the terms of his employment requiring that he work from 7:30 a.m. until 5:00 p.m. each day. Martin should not now be allowed to assert a claim under the FLSA based solely on his understanding of his hours when his own deposition testimony evinces conduct out of synch with his understanding. If Martin's conduct cannot be expected to conform with his own understanding of his hours, he cannot claim overtime predicated on such a theory. In a similar vein, Martin cannot expect his employer to constructively suffer work that he did not do.

D. Champion's Motion for Summary Judgment

Champion asserts that Martin cannot show that he worked in excess of forty hours per week with the actual or constructive knowledge of Champion and that Champion's policy prohibited overtime without prior approval. Champion also asserts that the nature of Martin's responsibilities coupled with his hostility toward tracking his time precluded it from monitoring Martin's time with any accuracy. Moreover, Champion alleges, and Martin

concedes, that Martin never indicated that he desired overtime pay, complained about the hours he worked, or felt that he was working overtime.

As discussed above, the court finds that Martin cannot make out a prima facie case of overtime because his deposition testimony fatally undermines his theory of overtime. Even with the burden now on the movant, the court's finding remains the same. Martin's statement that he left job sites as early as forty-five minutes prior to the end of his alleged work day, combined with Turner's testimony that he would give Martin mornings off after hard jobs, or days off at Martin's request, prevents a finding of overtime worked as a just and reasonable inference. The time sheets, though incomplete, do show that Martin regularly completed tasks between 4:00 p.m. and 5:00 p.m. Resolving competing inferences in favor of Martin, his deposition testimony still stands for the proposition that if he was in certain portions of Richland County, and finished a job between 4:00 p.m. and 5:00 p.m., he might go home. Martin does not need to prove that he worked overtime with precision, but where his own testimony suggests he may not have worked the hours he relies on for his theory of recovery, a reasonable jury cannot find for him. Accordingly, Champion's motion for summary judgment is granted.

III.    Conclusion

For the foregoing reasons, Martin's motion for summary judgment is denied [dkt. # 24], and Champion's motion for summary judgement is granted [dkt. # 23].

IT IS SO ORDERED.

January 28, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge